IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KAREN B. WYCHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:04CV766 |
| ) | |
| VIRGINIA STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court by consent of the parties pursuant 28 U.S.C. § 636(c)(1) on Defendant's Motion to Dismiss as a Fed. R. Civ. P. 37 sanction for the Plaintiff's failure to comply with various procedural and court directives. Liberal construction of the allegations contained in the Amended Complaint filed by the *pro se* plaintiff appear to enumerate violations of the Plaintiff's civil rights (42 U.S.C. § 1983), the Rehabilitation Act (29 U.S.C. § 794, et seq.), the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.), and the Family Medical Leave Act (29 U.S.C. § 2601, et seq.), thereby establishing federal question jurisdiction. Having considered the matter and deeming it otherwise proper and just to do so, the motion to dismiss, with prejudice, is GRANTED.

## FACTS

The Plaintiff, proceeding *pro se*, filed her original complaint in this court on October 18, 2004, alleging generally that she had been terminated from her employment at Virginia State University (VSU) in violation of various federal statutes. (Compl.). She filed an amended

complaint on October 27, 2004, and, thereafter, the parties consented to the jurisdiction of a Magistrate Judge. An initial pretrial conference was accordingly held by the undersigned on January 6, 2005, when the court entered a scheduling and pretrial order for consent cases, setting the matter for trial on May 10, 2005, with attendant pretrial deadlines, including that dealing with discovery matters. The Defendant advised the Plaintiff at the pretrial conference, in the court's presence, that it intended to take her deposition. (Mem. Law Supp. Def.'s Mot. Dismiss at 2). On March 14, 2005, the Defendant mailed Plaintiff a notice at her address of record (which she has acknowledged to be her correct address) that it would take her deposition on March 25, 2005, at 9:00 a.m. at the United States Courthouse to accommodate her request that the deposition not take place at VSU. Id. Plaintiff failed to appear for her deposition and provided no notice to the Defendant that she would not attend. Id. Defendant's counsel nevertheless remained at the courthouse for a prolonged period awaiting Plaintiff's arrival. Id. The court finds that the Defendant made repeated good faith attempts to contact the Plaintiff, before and after the time of the scheduled deposition, including by voicemail, and that Plaintiff made no attempt to communicate with the Defendant up to and including the date of the hearing on Defendant's pending motion.[1] The court stayed the scheduled trial proceedings upon the filing of Defendant's motion in order to allow ample time for the Plaintiff to respond and to entertain argument on the motion. To ensure the availability of the Plaintiff, the court scheduled the

---

[1] The Defendant appended the appropriate notice to *pro se* litigants required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), to its motion, warning the Plaintiff that she risked dismissal if she failed to reply to Defendant's motion. Further, the court continued the trial date and set the motion for a hearing in an Order entered April 15, 2005, which was sent by U.S. Mail that same day and also served by the United States Marshals Service on April 27, 2005. The court is informed by the Clerk that the Plaintiff appeared in the Clerk's Office to review the court's file on May 3, 2005, but she has not filed a response to the Defendant's motion.

hearing on the motion on the same date and at the same time that the Plaintiff had previously agreed to for trial.

At the hearing, counsel for the Defendant recounted in detail the multiple acts by the Plaintiff that supported dismissal with prejudice, including her complete disregarding of rules of procedure, her failure to comply with the scheduling order of the court, her failure to communicate with defense counsel, and her apparent lack of any effort to pursue her claims. The Plaintiff acknowledged to the court at the hearing that she was present at the pretrial conference when the court agreed to accommodate her request not to be deposed on VSU's campus as a condition of her deposition being scheduled. However, the Defendant denied that she received notice of the scheduled deposition or any of the numerous telephone messages, including self-explanatory voicemail messages, from the defense counsel or his office. The court confirmed at the hearing that the defense had been calling the correct phone number. The court finds that the Plaintiff's representations that she received no notice of the deposition and no messages from the defense regarding the case are not credible. Obviously, the Plaintiff received the Defendant's motion to dismiss outlining all these facts by at least a week before the hearing when she appeared in the Clerk's Office to review the file, and despite an adequate <u>Roseboro</u> notice, she has made no attempt to respond or to contact counsel to at least reschedule her deposition. The Plaintiff arrived at the hearing on Defendant's motion with a written request that if the court were to grant the motion, that it be without prejudice so that she could pursue legal representation, an opportunity long since available to her. To the extent that the Plaintiff's request can be construed as a motion to dismiss, without prejudice, it is denied for the reasons discussed herein.

## ANALYSIS

A party that fails to comply with discovery is subject to a range of sanctions under Fed. R. Civ. P. 37(d) at the discretion of the court. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). In this case, the Plaintiff has failed to appear for her deposition after receiving adequate notice, and she has failed to demonstrate any justifiable excuse for her failure to do so. The Defendant afforded the Plaintiff ample notice and accommodation in arranging the deposition, yet the Plaintiff made no effort to explain her absence when it was to take place or to make arrangements for rescheduling it, despite the fact that the original trial date was suspended without any further activity of any kind by her.

A court may dismiss a case and even enter default judgment where it has been demonstrated that a party's failure to comply with discovery "materially affects the substantial rights of the adverse party and is prejudicial to the presentation of his case." Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 504 (4th Cir. 1977). A court must consider four factors with respect to dismissal as a possible sanction:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. at 503-06.

The court finds that the Plaintiff has demonstrated bad faith by completely ignoring the rules of procedure, the orders of the court, and by refusing to communicate with defense counsel. Plaintiff's actions and inaction lead to the conclusion that she has acted in bad faith, both in refusing to comply with discovery and with respect to her failure to prosecute in the case that she

initiated. United States v. Wright, No. 97-2031, 1999 U.S. App. LEXIS 16769, at *8 (4th Cir. 1999)(finding a party exhibited bad faith where it was "playing games with the court," by failing to comply with a court's order without just cause or excuse).

The second factor is satisfied based on the obvious "given" that the Defendant has a right to defend itself, to question the Plaintiff in pretrial discovery in order to test the facts underlying her claims, and to learn of any witnesses or evidence that could support Plaintiff's claims. The liberal discovery rules governing civil cases therefore require her appearance and participation in such discovery efforts or, at a minimum, a timely objection. Despite the passage of over five months since the pretrial conference, Plaintiff has simply ignored defense counsel, making it impossible for the defense to properly proceed.

The Plaintiff's failure to participate in the case is not limited to the discovery phase alone, but also by the fact that she utterly failed to communicate with defense counsel or the court in any way, her failure to object to discovery or move for protection, and her failure to respond to the Defendant's motion to dismiss even though she was on notice of the possibility of dismissal for failing to do so. Any lesser sanction than dismissal would only serve to reward Plaintiff's dilatory actions and encourage others to disregard procedural requirements. Taylor v. Fresh Fields Mkts., No. 94-0055, 1996 U.S. Dist. LEXIS 10051 (W.D. Va. 1996) ("Dilatory tactics such as 'stalling and ignoring direct orders of the court . . . must obviously be deterred.'") (citing Mutual Fed. Sav. & Loan Ass'n, 872 F.2d at 93). Because the Plaintiff's dilatory tactics prevented the Defendant from conducting meaningful discovery and the fact that Plaintiff's refusal to communicate with defense counsel encroached upon the time necessary for the Defendant to prepare for trial, the court is convinced there is no lesser, appropriate remedy than

dismissal with prejudice. The sanction of dismissal with prejudice is appropriate not only because the court must endeavor to deter this Plaintiff from filing lawsuits and then ignoring the rules of the court and refusing to communicate with opposing counsel, but also "to deter those who might be tempted to such conduct in the absence of such a deterrent." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 956 (4th Cir. 1987). Although Plaintiff initially participated in the litigation of this matter by filing several motions, she unilaterally removed herself from participation and ignored both the Defendant and the directives of the court.

Under Fed. R. Civ. P. 37(b)(2)(D), the court is also required to consider the sanction of an award for reasonable attorneys fees except in extraordinary circumstances. The Defendant has represented that it "has expended considerable resources in defending this action," but it is nevertheless willing to forego recovery for the time being because it is a public institution represented by a public agency and because of what appears to be Plaintiff's depressed financial condition. The court otherwise finds that dismissal of the case with prejudice is a sufficient sanction as long as the matter is concluded now. However, leave is hereby granted to the Defendant to seek fees and costs in this action if efforts are made to renew the same claims.

## CONCLUSION

For the foregoing reasons, the court finds that the Defendant has demonstrated that it is entitled to dismissal, with prejudice, as a sanction for wilful abuse of the process by the Plaintiff. The court, in its discretion, and for the reasons stated, will not impose monetary sanctions at this time. An appropriate Order shall issue.

It is so Ordered.

                                                                 _____/s/_____
                                                                  Dennis W. Dohnal
                                                                  United States Magistrate Judge

Dated:_____